IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VICTOR B. PLUMB,

    Plaintiff,

v.                                                    No. 17-CV-00446-KG-KBM

R.C. SMITH, *GEO Group Warden*,
FNU LEWIS, *Centurion Health Care*
*Nurse Administrator*, FNU BRADSHAW,
*Centurion Health Care*, VALERIE
NAEGELE, *N.M.C.D.*,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court, *sua sponte* under 28 U.S.C. §§ 1915(e)(2) and 1915A, on Plaintiff Victor B. Plumb's Prisoner's Civil Rights Complaint (Doc. 1), filed on April 12, 2017. Plaintiff is incarcerated, appears pro se, and is proceeding *in forma pauperis*. For the reasons explained below, Plaintiff's complaint will be dismissed without prejudice for failure to state a claim on which relief may be granted under §§ 1915(e)(2)(B)(ii) and 1915A(b) and Plaintiff will be granted thirty (30) days in which to file an amended complaint.

On April 12, 2017, Plaintiff filed a Prisoner's Civil Rights Complaint against Defendants R.C. Smith, Warden of Lea County Correctional Facility (LCCF), Mrs. Lewis, Nurse Administrator at LCCF, Mrs. Bradshaw of Centurion Health Care, and Valerie Naegel of the New Mexico Department of Corrections (NMCD). (Doc. 1 at 1). Plaintiff alleges that he was assigned to the top bunk on the second tier of LCCF, even though he had a "lower bunk medical pass." (Doc. 1 at 2-3. Plaintiff alleges that, in light of his age and medical conditions, this housing placement put him in danger of physical injury in violation of his right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

(Doc. 1 at 2). Plaintiff further alleges that he is receiving inadequate medical care, in violation of his Eighth Amendment rights. (Doc. 1 at 4). Plaintiff seeks injunctive relief, as well as compensatory, nominal, and punitive damages. (Doc. 1 at 6, 7).

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under §§ 1915(e)(2)(B) and 1915A at any time if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* §§ 1915(e)(2)(B), 1915A(b). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The burden is on the plaintiff to frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

Plaintiff is proceeding pro se and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id*. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

"Under [42 U.S.C.] § 1983, government officials are not vicariously liable for the misconduct of their subordinates" and, therefore, "it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation. Instead, . . . the plaintiff must establish a deliberate, intentional act by the supervisor to violate constitutional rights." *Serna v. Colorado Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) (internal quotation marks and citations omitted). To demonstrate an affirmative link between the supervisor and the constitutional violation," the plaintiff must satisfy "three related prongs (1) personal involvement, (2) sufficient causal connection, and (3) culpable state of mind." *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010) (internal quotation marks and citation omitted). Personal involvement includes direct personal participation in the alleged constitutional violation, as well as the creation, promulgation or "responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which 'subjects, or causes to be subjected' that plaintiff 'to the deprivation of any rights . . . secured by the Constitution . . . .' " *Id.* at 1999 (quoting 42 U.S.C. § 1983)).

"An Eighth Amendment claim has both an objective component—whether the deprivation is sufficiently serious—and a subjective component—whether the official acted with a sufficiently culpable state of mind." *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 809 (10th Cir. 1999). "In cases challenging the conditions of a prisoner's confinement, the subjective standard is one of deliberate indifference to inmate health or safety." *Id.* To establish deliberate indifference, the plaintiff must allege "something more than mere negligence." *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or

omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."). Rather, the plaintiff must allege that the prison official knew of and disregarded an excessive risk to inmate health or safety. *See Farmer*, 511 U.S. at 837. The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Id.*

In the present case, Plaintiff alleges that Defendant Smith violated his Eighth Amendment right to be free from cruel and unusual punishment because he failed to install "proper safety measures," such as bed rails and ladders, on the top bunks at LCCF. [Doc. 1 at 4] Notably, Plaintiff does not allege that Defendant Smith personally was involved in the decision to assign Plaintiff to the top bunk of the second tier or that Defendant Smith was aware of Plaintiff's housing placement, his age, or his medical conditions. Rather, Defendant Smith's alleged liability is predicated on his failure to promulgate and implement a policy requiring all top bunks at LCCF to have a bed rail and a ladder. The Court concludes that "the absence of a safety mechanism on the top bunk in a prison cell at most suggests negligence and does not give rise to a constitutional claim." *Brown v. Chester County Prison*, No. 16-3097, 2016 WL 3511545, at *2 (E.D. Penn. June 27, 2016) (citing cases) (unpublished); *see also Jones v. County Jail C.F.C.F.*, 610 F. App'x 167, 169 (3rd Cir. April 30, 2015) (holding that the failure to provide a ladder for the top bunk is, at most, "mere negligence" and "negligence is insufficient to sustain an Eighth Amendment claim") (unpublished); *McDaniel v. Walsh*, No. 09-2170, 2011 WL 489787, at *5 (C.D. Illinois Feb. 7, 2011) (holding that "[i]nmates and pretrial detainees are not constitutionally guaranteed a ladder to an upper bunk") (unpublished). Therefore, Plaintiff's § 1983 claims against Defendant Smith will be dismissed without prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b).

The caption of Plaintiff's complaint names Defendants Lewis, Bradshaw, and Naegele as defendants, but the body of Plaintiff's complaint fails to explain how each defendant personally was involved in the alleged violation of Plaintiff's constitutional rights. In a § 1983 action against multiple governmental actors, the plaintiff's complaint must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original). Thus, "[w]hen various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights." *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013). "Rather, it is incumbent upon a plaintiff to identify *specific* actions taken by *particular* defendants in order to make out a viable § 1983" claim. *Id.* (emphasis in original; internal quotation marks and citation omitted). Plaintiff's complaint fails to allege any specific actions taken by Defendants Lewis, Bradshaw, and Naegele and, therefore, it fails to state a claim for relief against these defendants under 42 U.S.C. § 1983.

Plaintiff's complaint also appears to seek relief against Centurion Health Care and the GEO Group, Inc. [*See* Doc. 1 at 4 (alleging that "Centurion Health Care is at fault for not having a good and reasonable emergency medical procedure"); Doc. 1 at 6 (asking for "GEO Group Inc. to put bed rails and la[dd]ers" on top bunks)]. *See Trackwell v. United States Gov't*, 472 F.3d 1242, 1243-44 (10th Cir. 2007) (noting that "in a pro se case when the plaintiff names the wrong defendant in the caption or when the identity of the defendants is unclear from the caption, courts may look to the body of the complaint to determine who the intended and proper defendants are"). "[A] private actor 'cannot be held liable *solely* because it employs a tortfeasor—or in other

words . . . cannot be held liable under § 1983 on a *respondeat superior* theory." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (quoting *Monell v. New York City Dep't of Social Serv.*, 436 U.S. 658, 691 (1978)). Rather, "[t]o be liable, [a private actor] must have had an official . . . policy of some nature, . . . that was the direct cause or moving force behind the constitutional violations." *Id.* at 1215 (internal quotation marks and citations omitted). Plaintiff's complaint fails to allege that Centurion Health Care or the GEO Group, Inc., had an official policy or custom that was the direct cause or moving force behind the alleged constitutional violations[1] and, therefore, it fails to state a claim on which relief may be granted under 42 U.S.C. § 1983.

Plaintiff may be able to cure the foregoing deficiencies with more precise pleading and, therefore, the Court will grant Plaintiff thirty (30) days in which to file an amended complaint. Plaintiff's amended complaint must identify the person or persons responsible for the alleged constitutional violations and "must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Failure to timely file an amended complaint may result in the dismissal of this action without further notice.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Prisoner's Civil Rights Complaint [Doc. 1] is DISMISSED without prejudice; and Plaintiff is granted thirty (30) days from the date of

---

[1]To the extent that Plaintiff's complaint liberally may be construed to allege that the GEO Group, Inc., had a policy or custom against installing safety mechanisms (such as bed rails and ladders) on top bunks, the Court concludes that Plaintiff's complaint fails to state a claim on which relief may be granted because, as explained in the body of this Memorandum Opinion and Order, "the absence of a safety mechanism on the top bunk in a prison cell at most suggests negligence and does not give rise to a constitutional claim." *Brown*, 2016 WL 3511545, at *2 (citing cases) (unpublished).

entry of this Memorandum Opinion and Order in which to file an amended complaint;

IT IS FURTHER ORDERED that the Clerk of the Court is directed to mail to Plaintiff, together with a copy of this Memorandum Opinion and Order, a form § 1983 complaint, with instructions.

_____
UNITED STATES DISTRICT JUDGE